**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luther MCCASKILL, Defendant–Appellant.**

**No. 01–2708.**

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Luther McCaskill appeals from his judgment of convictions and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a jury convicted McCaskill of one count of conspiracy to commit fraud in violation of 18 U.S.C. § 371, two counts of possessing and uttering a forged security in violation of 18 U.S.C. § 513, two counts of bank fraud in violation of 18 U.S.C. § 1344, six counts of monetary transaction offenses in violation of 18 U.S.C. § 1957, and two counts of interstate transportation of forged checks in violation of 18 U.S.C. § 2314. The district court sentenced McCaskill to 105 months of imprisonment and three years of supervised release, and the court ordered McCaskill to pay $600,000 in restitution and imposed a $1300 special assessment. In this timely appeal, McCaskill argues that: 1) the district court lacked jurisdiction over his crimes; 2) the district court improperly denied his request to subpoena witnesses; and 3) his jury did not represent a fair cross-section of the community.

McCaskill first argues that the district court lacked subject matter jurisdiction over his offenses because they did not occur on federal territory and because he is a sovereign citizen of the state of Michigan, not the United States. This argument is patently meritless. Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231, and the permission of the states is not a prerequisite to exercise that jurisdiction. *United States v. Sitton,* 968 F.2d 947, 953 (9th Cir.1992); *United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992). Moreover, Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed. *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994).

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

McCaskill next argues that the district court improperly denied his motion to issue subpoenas under Fed.R.Crim.P. 17(b). This court reviews a district court's denial of a Rule 17(b) motion for an abuse of discretion. *United States v. Moore*, 917 F.2d 215, 230 (6th Cir.1990). A defendant is not automatically entitled to a Rule 17(b) subpoena; rather, the defendant must first make a preliminary showing that the witness is necessary to present an adequate defense. *Id.* A satisfactory showing of necessity requires that the defendant's averments be sufficiently specific, and generalities are not sufficient to make the required showing. *United States v. Barker*, 553 F.2d 1013, 1020–21 (6th Cir.1977). We conclude that the district court did not abuse its discretion in denying McCaskill's motion under Rule 17(b).

Lastly, McCaskill argues that his jury venire was not drawn from a fair cross-section of the community. While a jury must be drawn from a fair cross-section of the community, no right exists to a jury of any particular composition. *Taylor v. Louisiana*, 419 U.S. 522, 527–28, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). To establish a prima facie violation of the fair cross-section requirement, the defendant must show that: 1) the group alleged to be excluded is a distinctive group in the community; 2) the representation of this group in the venire from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

McCaskill's claim is without merit. McCaskill alleges that, based on his own observations, African–Americans constituted only 20% of his jury pool, even though they comprise over 50% of the population in his community. Even if it is assumed that McCaskill's allegations are sufficient to meet the first two requirements of the prima facie case, he has made no showing, beyond his own conclusory assertions, that this underrepresentation is the result of systematic exclusion. McCaskill's failure to point to any evidence supporting a prima facie violation of the fair cross-section requirement defeats this claim. *See United States v. Allen*, 160 F.3d 1096, 1103–04 (6th Cir.1998) (no Sixth Amendment fair cross-section violation where defendants failed to meet second and third prongs of prima facie case).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.