NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0284n.06

No. 11-6544

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 15, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| FRANCISCO MARTIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     DAUGHTREY, MOORE, and CLAY, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  At his initial appearance following his indictment on three related charges involving child pornography, defendant Francisco Martin invoked his right to self-representation, waived his right to an attorney, and was appointed standby counsel.  At the same time, the magistrate judge gave instructions that standby counsel could only answer Martin's questions and file pleadings that Martin drafted.  In light of Martin's largely incomprehensible pleadings and his report of disturbances in his mental health, the government moved for a competency hearing.  The district court granted the motion and ordered a psychiatric examination.  Based on the resulting report finding Martin competent to stand trial and on Martin's verbal assurance to the court that he considered himself to be competent, the magistrate judge found him competent to stand trial.  Martin subsequently represented himself at trial and was convicted of all the charges against him.  He now contends that the magistrate

judge's instructions to standby counsel unconstitutionally deprived him of counsel during his competency hearing. In response, the government argues that the case should be remanded for an evidentiary hearing to determine whether standby counsel's non-participation during Martin's competency hearing was in compliance with the limitations placed on counsel's role or was the result of an independent, strategic decision by standby counsel not to contest competency. Because there is nothing in the record to suggest that counsel represented Martin at the hearing or participated in any way in the determination of Martin's competency, we conclude that the convictions must be set aside and the case remanded to the district court for a valid competency hearing and, if justified, a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Following the return of the three-count indictment charging receipt, possession, and distribution of child pornography, Martin made his initial appearance before the magistrate judge and waived his right to counsel, despite repeated urging by the court that he accept the appointment of counsel. Martin did, however, agree to the appointment of standby counsel. In appointing standby counsel, the magistrate judge instructed Martin that his decision to represent himself barred standby counsel from doing anything more than answering legal questions Martin had and typing and filing pleadings written by Martin:

> [Y]ou need to understand, Mr. Martin, stand-by counsel, you cannot be halfway represented by an attorney and halfway represented by yourself. It's all or nothing. Stand-by counsel, if appointed for you, Mr. Martin, will [sit] behind you; and if you have a question about an evidentiary matter or rule of procedure or something like that, you can turn around and ask your lawyer advice, your stand-by lawyer advice; and then based upon that advice, which you may or may not take, you can proceed accordingly; but the lawyer, stand-by lawyer, will not participate actively to any extent in a trial of the case or any pretrial proceeding.

The magistrate judge emphasized that standby counsel could not take an active role in representing Martin: "[S]tandby counsel," the court informed Martin, "can't do anything except talk to you, that's about the bottom line, give you advice. You are representing yourself; so whatever happens in this case, Mr. Martin, will be you. Your lawyer will not do anything on your behalf. He cannot do anything on your behalf."

When asked to enter his plea during his initial appearance, Martin referred to the Uniform Commercial Code's section 1-207. This action, as well as Martin's indication to a probation officer that he had recently suffered suicidal ideation and anxiety, spurred the government to move for a competency hearing. The district court granted the motion and ordered the Bureau of Prisons to conduct a mental health assessment of Martin's condition in preparation for the hearing. The mental health evaluation, completed by a clinician at the Lexington, Kentucky Federal Medical Center, concluded that Martin was not suffering from any mental disease or defect that would render him mentally incompetent to stand trial. The magistrate judge ordered the hand-delivery of the evaluation to Martin "since he [was] representing himself."

The entire discussion of Martin's competency at the competency hearing before the magistrate judge consisted of the following exchange:

> THE COURT: Alright. We're here today because the District Judge ordered that Mr. Martin undergo a forensic examination to determine his competency to stand trial. That examination has taken place, and the Court has received the report of FMC Lexington, and Mr. Martin, you need to confirm for me, please, Sir, that you got a copy of that?
>
> MR. MARTIN: That's correct, Your Honor.
>
> THE COURT: Alright. Well, okay. And Mr. Martin, as I am sure you are aware, the bottom line of that report is that you are quite competent to look after your own interest, know what you're doing and so forth and so on. Do you disagree with that conclusion?

MR. MARTIN: I agree that I am competent, Your Honor.

THE COURT: I'm sorry?

MR. MARTIN: I agree that I am competent.

THE COURT: Okay. Well, under the circumstances, Mr. Martin, I would ask if there's any more evidence regarding your competency to be placed in the record, but since you agree with the conclusions of FMC Lexington, there's not a whole to do. Do you?

MR. MARTIN: I would like to give a standing objection to the Plaintiff's use of the jurisdiction of this Court.

THE COURT: Well, okay. That's noted, and you don't need to broach that subject every time, 'cause your, your objection is noted. But as far as your competency, Mr. Martin, do you have anything else you wish to say? I don't know what it would be since you agree with the report, but do you, bottom line, do you agree that you are competent?

MR. MARTIN: Yes, Your Honor.

Standby counsel, though present during the hearing, was not addressed, questioned, or acknowledged at any point during this discussion. The parties devoted the remainder of the hearing to admitting Martin's mental health evaluation into evidence, scheduling the trial, and hearing Martin's argument that the charges against him had to be dismissed for lack of jurisdiction. Based on the mental health evaluation—the only piece of evidence presented to the court on Martin's competence—and Martin's agreement with the evaluation's conclusion that he was competent, the court found Martin competent to proceed to trial.

As previously noted, Martin unsuccessfully represented himself at trial—the jury found him guilty on all of the counts against him. The district court sentenced him to 156 months' imprisonment.

After Martin timely appealed his conviction and sentence, standby counsel moved to withdraw on the grounds that Martin's appeal presented no legally non-frivolous questions. We denied the motion, however, and directed counsel to brief whether, under the Sixth Circuit's decision in *United States v. Ross*, 703 F.3d 856 (6th Cir. 2012), Martin was unconstitutionally denied counsel during his competency hearing. The present appeal was filed in compliance with that order.

## DISCUSSION

Legal Standard

The *Ross* panel did not establish the appropriate standard of review for claims based on the denial of counsel at a competency hearing. *See generally Ross*, 703 F.3d at 868-873 (establishing that deprivation of counsel at competency hearing may run afoul of the Sixth Amendment right to counsel). Though neither party here proposes the standard of review that should generally be applied to cases of this nature, the government contends that the appropriate standard of review in this case must be *de novo* because *Ross* was decided subsequent to Martin's competency hearing and, thus, the parties and the district court did not develop a record on the *Ross* issue. Given that we normally review questions of law in constitutional challenges to criminal convictions *de novo*, *see United States v. Watkins*, 509 F.3d 277, 280 (6th Cir. 2007), and that Martin has presented no argument for why this level of review is inappropriate here, we will review Martin's *Ross* claim *de novo*.

Deprivation of Counsel

The Sixth Amendment secures to criminal defendants both the right to trial counsel and the right to proceed without counsel. *Faretta v. California*, 422 U.S. 806, 834 (1975). The right to represent oneself is not absolute, however; the Constitution requires that "any waiver of the right to counsel be knowing, voluntary, and intelligent." *Iowa v. Tovar*, 541 U.S. 77, 87-88 (2004).

When a criminal defendant's competency to stand trial has been challenged, the validity of the defendant's waiver of counsel is suspended until the issue of his or her competency is resolved. We have recently recognized the "common-sense viewpoint that a defendant cannot represent himself at his own competency hearing, the purpose of which is to determine whether a defendant understands and can participate in the proceedings in the first place." *Ross*, 703 F.3d at 869. In *Ross*, we determined that "the Constitution requires a defendant to be represented by counsel at his own competency hearing, even if he has previously made a knowing and voluntary waiver of counsel." *Id.* at 871.

Although a criminal defendant is entitled to representation by counsel during his or her competency hearing, *Ross* does not require that counsel be full-time. "[P]articipation by standby counsel during a competency hearing may be sufficient to overcome a denial of counsel claim." *Id.* But such participation is sufficient only when standby counsel conducts an adequate investigation of the defendant's competency and subjects evidence of the defendant's competency to meaningful adversarial testing. *Id.* at 866. Standby counsel need not present argument during the competency hearing to satisfy this standard, as long as the decision not to contest competency is an independent, strategic one, borne out of adequate investigation of the

defendant's competency and appropriate preparation for the hearing. *Id.* at 873. Adequate investigation entails, at a minimum, reading and analyzing a mental health evaluation of the defendant prepared for the hearing. *Id.* at 874.

Both parties agree that standby counsel's lack of participation during Martin's competency hearing may have violated Martin's Sixth Amendment right to counsel under *Ross*. They depart on whether the record sufficiently establishes that standby counsel's silence during the hearing was not the result of an independent, strategic decision to defer to the mental health evaluation's conclusions. Martin argues that the record shows conclusively that he was completely deprived of counsel during his competency hearing; he asserts that the magistrate judge's initial instructions regarding the permissible scope of standby counsel's representation, which were not modified prior to the competency hearing, effectively "prohibited [standby counsel] from providing . . . meaningful adversarial testing" of the mental health evaluation's competency findings. The government contends in response that the record cannot support such a conclusion because it contains no factual findings on whether counsel investigated Martin's competence and made an "independent, strategic choice" not to contest the mental health evaluation.

Given the record in this case, we can only conclude that Martin was deprived of counsel during his competency hearing. But the inquiry does not end there. *Ross* did not hold that whenever the record reflects that standby counsel did not participate in the competency hearing, we must remand for an evidentiary hearing on whether that nonparticipation was a strategic decision before we can decide whether it unconstitutionally deprived a criminal defendant of counsel. Remand in *Ross* was appropriate because the record before the court revealed that

standby counsel had expressed doubts that the defendant was incompetent prior to the competency hearing, had provided documents regarding the defendant's competence to the clinician who evaluated the defendant and, during the competency hearing, had declined the opportunity to present evidence regarding the defendant's competence. *Ross*, 703 F.3d at 872-73. Standby counsel, in fact, explicitly stated that he would defer to the mental health evaluation's conclusions at the hearing. *Id.* at 873. Thus, the record in *Ross* contained ample evidence that standby counsel had investigated his client's competency, found nothing suggesting that his client was incompetent, and, as a result, elected not to oppose a finding that his client was competent. Critically, the district court in *Ross* placed no limitations upon standby counsel's scope of representation. *Id.* at 872. Accordingly, Ross's standby counsel argued on behalf of his client on the issue of competency prior to the competency hearing and, as noted above, was offered the opportunity to argue and present evidence at the competency hearing. *Id.* at 872, 873.

By contrast, nothing in the record here evidences that Martin's standby counsel ever expressed any position on his client's competence; nor does the record indicate that standby counsel ever reviewed any documents related to Martin's competency, including the mental health evaluation. In an attempt to bolster its argument that standby counsel's nonparticipation in Martin's competency hearing may have resulted from an independent investigation of Martin's competency, the government notes that standby counsel was consulted by the clinician who evaluated Martin. The government also argues that standby counsel had reason to not contest Martin's competency because Martin's mental health evaluation offered no evidence that Martin was incompetent. Missing from the record, however, is any evidence that standby counsel actually reviewed Martin's mental health evaluation. Notably, the district court ordered

delivery of Martin's mental health evaluation to Martin because "he [was] representing himself." The order did not provide for delivery to his standby counsel. Thus, the record suggests that standby counsel had not reviewed Martin's mental health evaluation before the hearing.

Even if standby counsel did investigate Martin's competency, however, the magistrate judge's instructions effectively barred her from presenting any conclusions she may have drawn from this investigation, because those instructions foreclosed any action by standby counsel on Martin's behalf beyond answering Martin's legal questions and filing pleadings he drafted. The instructions could not reasonably be understood to have permitted standby counsel to argue or present evidence—critical components of "meaningful adversarial testing"—during his competency hearing. Indeed, once the gag order was in place, it is unsurprising that the magistrate judge did not offer standby counsel the opportunity to challenge Martin's mental health evaluation. Instead, during a brief discussion of Martin's competency, the judge directed his questions to Martin alone; the presence of standby counsel was never even acknowledged on the record. The task of challenging the mental health evaluation, then, was left to the defendant alone, who had already shown the court that he had little comprehension of the charges against him, let alone a sufficient understanding of why or how to subject his mental health evaluation to "meaningful adversarial testing." Thus, the record leaves little question that the "meaningful adversarial testing" required by the Sixth Amendment's right to counsel was wholly absent from Martin's competency hearing. Because the record makes clear that Martin was effectively unrepresented at the hearing, a remand to supplement that record is unnecessary here.

At least one other circuit court has found a Sixth Amendment violation of the right to counsel when the record before it established that the district court directed all of its questions on

the issue of the defendant's competency to the defendant alone. *See United States v. Purnett*, 910 F.2d 51, 55-56 (2d Cir. 1990). The government asserts that *Purnett* is inapposite here because the Second Circuit had not found that the presence of standby counsel could be sufficient to overcome a deprivation-of-counsel claim. But that argument misunderstands the import of *Purnett* to Martin's *Ross* claim. *Purnett* did not hold that standby counsel could *never* provide sufficient representation to overcome a deprivation-of-counsel claim; it held only that, if the record revealed that standby counsel was given no opportunity to argue on behalf of the defendant during the competency hearing, the appeals court could base its conclusion that the defendant was unconstitutionally deprived of counsel during that hearing on the record alone. *Id.* at 55-56.

## CONCLUSION

It is well-established that a competency hearing is a "critical stage" of a criminal proceeding. *Ross*, 703 F.3d at 874. It is also well-established that the complete deprivation of counsel during a critical stage of the proceedings can be remedied only by reversal of the judgment without consideration of prejudice. *Id.* Because Martin was completely deprived of counsel during his competency hearing, his conviction and sentence must be vacated.

We therefore REVERSE the judgment of the district court and REMAND the case for a new competency hearing and, if Martin is found competent, a new trial.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** I agree with the majority that *United States v. Ross*, 703 F.3d 856 (6th Cir. 2012), controls this case. As in *Ross*, I believe that we cannot, based on the record before us, make a conclusive determination regarding standby counsel's performance. The record does show, for instance, that standby counsel was contacted by phone during Martin's mental evaluation, and may have received a copy of this evaluation prior to Martin's competency hearing. The record also shows that standby counsel was present at Martin's competency hearing, where she promised to provide Martin with copies of some legal documents. To be sure, the record does not otherwise speak to the extent of standby counsel's preparation. But that, in my view, is why an evidentiary hearing is warranted in this case. As in *Ross*, I believe that such a hearing would help clarify whether standby counsel actually provided Martin with "meaningful adversarial testing," a question that we cannot yet answer based on the record in front of us.

For the foregoing reasons, instead of vacating Martin's conviction, I would grant the government's motion for a limited remand for an evidentiary hearing.