NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0105n.06

Case No. 14-3847

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 19, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,           )
                                    )
      Plaintiff-Appellee,           )
                                    )
                                    )       ON APPEAL FROM THE UNITED
v.                                  )       STATES DISTRICT COURT FOR
                                    )       THE NORTHERN DISTRICT OF
LOUIS D. AMIR,                      )       OHIO
                                    )
      Defendant-Appellant.          )
                                    )
_____/     )

Before: MERRITT, GIBBONS, and SUTTON, Circuit Judges.

**MERRITT, Circuit Judge.**   Louis D. Amir challenges his criminal conviction and sentence, arguing that he did not receive constitutionally adequate counsel at a competency hearing conducted before his trial. The district court determined that Amir's counsel at his competency hearing satisfied the standard required by *United States v. Ross*, 703 F.3d 856 (6th Cir. 2012). We agree with the district court and affirm Amir's conviction.

## I. Facts and Procedural History

In October 2010, Amir was indicted on charges relating to a series of financial transactions involving property in Ohio. From the outset of his prosecution, Amir has attempted to argue that he is not a citizen of the United States, but a citizen of the "Republic of Ohio," to whom our federal courts' jurisdiction does not apply.

Shortly after Amir's arraignment, the government filed a motion pursuant to 18 U.S.C. § 4241 for a determination of his mental competency. At a subsequent hearing on that motion, the district court granted defense counsel's motion to withdraw in light of Amir's stated intent to represent himself, but appointed Lawrence Whitney as standby counsel because of a concern over whether Amir had the ability to waive his right to counsel given the competency issue the government had raised. After another hearing, the district court granted the government's request for a mental competency evaluation. Following a court-ordered competency evaluation of Amir by psychologist Dr. Dia Brannen, a magistrate judge conducted a competency hearing, during which Amir represented himself with appointed standby counsel Whitney present. The government presented Brannen's report on Amir's mental competency, which concluded that he was competent to stand trial. While asserting his competence, Amir refused to stipulate to the report and denied the statements contained within it. Standby counsel Whitney did not take an active role in the hearing. The magistrate judge accepted the report's findings and recommended that Amir was competent to stand trial; the district court accepted that recommendation.

Amir's case proceeded to trial, which resulted in convictions of wire fraud, conspiracy to commit wire fraud, money laundering, and perjury. The district court sentenced Amir to 151 months of imprisonment followed by three years of supervised release and ordered him to pay restitution in the amount of $6,592,637.

Amir appealed his conviction to our Court, raising his jurisdictional defense in a pro se brief. His appointed counsel also filed a brief arguing that Amir had been denied counsel at his competency hearing in violation of the Sixth Amendment. Another panel of our Court held that the record before it was insufficient to determine if Whitney's performance as standby counsel had satisfied Amir's Sixth Amendment right to counsel by providing "'meaningful adversarial testing' of Amir's competency" and remanded the case to the district court "for an evidentiary

hearing to determine whether Amir was unconstitutionally deprived of representation at his competency hearing." *United States v. Amir*, No. 11-4413, slip op. at 3-4 (6th Cir. May 15, 2014) (quoting *Ross*, 703 F.3d at 874).

At the evidentiary hearing, Whitney testified to his experience, indicating: that he had nearly 40 years of criminal defense experience; that competency or insanity evaluations had been involved in several of his federal representations and 12 to 15 of his state representations; that he had experience reviewing psychological examination reports and independently assessing a defendant's competency; that he had served as standby counsel several times in federal court; that he believed standby counsel had an independent obligation to alert the court to any concerns about the defendant's competency; and that he had notified courts when he had had such concerns in the past.

As to his standby representation of Amir, Whitney testified: that he met with Amir several times before his competency hearing; that he communicated to Amir that he did not believe Amir's jurisdictional defense would succeed; that he nonetheless believed Amir to be competent because he could rationally and logically discuss his case; that he discussed with Amir the process involved in a competency evaluation; that he met with Dr. Brannen to discuss the findings in Dr. Brannen's report; that he agreed with the report's findings; and that he delivered the report to Amir, discussed its conclusions with Amir, and encouraged Amir to stipulate to it.

As to the competency hearing, Whitney testified that he made a strategic decision not to challenge the psychological evaluation report, or cross-examine Dr. Brannen because he agreed with the report and because his own independent assessment was that Amir was competent. Whitney also testified that his decision was made independent of Amir's own belief in his competence, and that had he been concerned about Amir's competence, he would have raised the issue to the court.

Amir also testified at the competency hearing, claiming that a detention facility case worker — and not Whitney — delivered the psychologist's report to him, and claiming that Whitney never "inform[ed] me that he read the actual competency evaluation."

The district court credited Whitney's testimony, and determined that his actions as standby counsel amounted to meaningful adversarial testing sufficient to satisfy Amir's Sixth Amendment right to counsel. *United States v. Amir*, No. 1:10CR439, 2014 WL 4182735, at *4-5 (N.D. Ohio Aug. 21, 2014).

Amir now brings this appeal, challenging the district court's judgment that he was adequately represented by counsel at his competency hearing.[1]

## II. Discussion

We review the constitutional adequacy of Amir's standby counsel at his competency hearing *de novo*, and we review the district court's factual findings for clear error.[2] *United States v. Ross (Ross II)*, 619 F. App'x 453, 455 (6th Cir. 2015) (citing *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 948 (1995)).

A competency hearing is a "critical stage" of a criminal proceeding, and it is "settled that a complete absence of counsel at a critical stage of a criminal proceeding is a *per se* Sixth Amendment violation warranting reversal of a conviction, a sentence, or both, as applicable, without analysis for prejudice or harmless error." *Ross*, 703 F.3d at 873-74 (6th Cir. 2012) (citations and internal quotation marks omitted). Where a defendant is provided standby counsel

---

[1] At the end of his brief, Amir informally raises the distinct argument that the district court erred by determining only that he was competent to stand trial without also determining that he was competent to *represent himself at trial*. This issue was neither raised by Amir in his first appeal, nor the subject of our Court's limited remand after that appeal. Thus, it is not properly before us. *See United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) (holding that a party waives a claim when it fails to seek review on initial appeal); *United States v. Moore*, 131 F.3d 595, 599 (6th Cir. 1997) (limiting the district court and parties to issues presented in the limited remand instruction).

[2] Because Amir demonstrates no fault with the district court's fact finding, and because our review of the record indicates no clear error, we affirm and adopt the facts as found by the district court.

at a competency hearing, standby counsel must offer "meaningful adversarial testing" of the defendant's competence in order to satisfy the defendant's Sixth Amendment right to counsel. *Id.* at 872 (citing *United States v. Cronic*, 466 U.S. 648, 656-57 (1984)).

Where the defendant, standby counsel, and a psychologist evaluating the defendant's competence all independently believe that the defendant is competent, the "meaningful adversarial testing" standard does not require standby counsel "to argue that [the defendant is] incompetent simply for the sake of playing devil's advocate and airing that perspective in court." *Ross II*, 619 F. App'x at 456. Instead, in such a scenario — like the one here — standby counsel can satisfy the "meaningful adversarial testing" standard by: "adequately considering [the defendant's] competency on his own, providing information to aid [an evaluating psychologist] in making an informed analysis, analyzing [the psychologist's] completed report, and preparing for the [competency] hearing. *Id.* If standby counsel does not contest the defendant's competence, it must be because he agrees the defendant is competent, "rather than a belief that he simply had no obligation to do so." *Id.* If standby counsel fails to participate in the competency hearing for reasons other than strategy and an independent belief in the defendant's competence — such as instructions from the presiding judge foreclosing participation — the defendant's Sixth Amendment right to counsel may be violated. *See United States v. Martin*, 608 F. App'x 340, 344-45 (6th Cir. 2015).

Amir's case is very similar to *Ross* and *Ross II*. Ross sought to represent himself, but was provided with standby counsel at a competency hearing before trial. *Ross*, 703 F.3d at 865-66. A court-appointed psychologist concluded that Ross was competent, Ross believed himself competent, and standby counsel independently concluded that Ross was competent. *Ross II*, 619 F. App'x at 456. Ross's standby counsel "did not participate to any meaningful degree" during the competency hearing, *Ross*, 703 F.3d at 873, but did provide Ross with a copy of the

psychologist's report and discussed it with both Ross and the psychologist. *Ross II*, 619 F. App'x at 456. Ross's attorney decided "not to contest the report [at the competency hearing] based on his agreement with it, rather than a belief that he simply had no obligation to do so." *Id.* Ross was found competent and proceeded to trial, where he was convicted. *Ross*, 703 F.3d at 866. Ross appealed his conviction to our Court, challenging, among other things, the adequacy of his representation at the competency hearing. *Id.* at 871-873. Our Court determined that the adequacy of counsel claim should be determined according to the "meaningful adversarial testing" standard of *Cronic*, 466 U.S. at 656-57, but concluded that the record was insufficient to allow a determination of the adequacy of Ross's counsel at his competency hearing. *Id.* at 872-873. So, our Court remanded to the district court with instructions to conduct an evidentiary hearing and determine if Ross's standby counsel had provided constitutionally sufficient "meaningful adversarial testing" in his representation of Ross at the competency hearing. *Id.* at 873-874. After the evidentiary hearing, the district court found that Ross had been adequately represented at his competency hearing, and upheld his conviction. *Ross II*, 619 F. App'x at 454. Ross again appealed, challenging that district court's determination that standby counsel had provided sufficient "meaningful adversarial testing." *Id.* Our Court affirmed the judgment of the district court, finding that Ross's standby counsel "provided constitutionally adequate representation to Ross leading up to and during the competency hearing by: adequately considering Ross's competency on his own, providing information to aid [the court-appointed psychologist] in making an informed analysis, analyzing [the psychologist's] completed report, and preparing for the hearing." *Id.* at 456. Our court also emphasized that the standby counsel's "decision not to contest the report was based on his agreement with it, rather than a belief that he simply had no obligation to do so." *Id.*

Although *Ross II* is an unpublished decision that does not bind this Court, *Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. 2015), we are persuaded that its reasoning and result are correct, and we follow it to reach the same result here. After its evidentiary hearing, the district court gave a thorough explanation of its decision consonant with our reasoning in *Ross II:*

> [T]he Court underscores the fact that counsel (1) discussed the issue of competency with defendant and provided reasoned and appropriate counsel to defendant relative to it, (2) reviewed and analyzed the competency report, (3) made a sound and deliberate strategic decision not to cross-examine Dr. Brennan or challenge the findings in her report, and (4) made an independent determination absent defendant's statements that consulting with an independent psychologist was unnecessary. The Court also finds significant the fact that counsel at all times retained the independent obligation to raise with the Court the issue of defendant's competency if he believed that defendant was not competent to stand trial.

*Amir*, 2014 WL 4182735, at *4.

We agree. Standby counsel Whitney: relied on his extensive experience with defendants whose competence had been challenged to independently determine Amir was competent; discussed Amir with Dr. Brannen; reviewed Brannen's report; delivered the report to Amir and explained it to him; explained the competency hearing procedure to Amir; encouraged Amir to stipulate to Brannen's report (although Amir declined); made the strategic decision not to assert himself during the competency hearing because he did not doubt Amir's competency or ability to understand the proceedings; and remained aware of his independent obligation to present to the court any concerns he might have had about Amir's competency or ability to understand the proceedings. In a scenario where neither the defendant, nor the court-appointed psychologist, nor the standby counsel doubts the defendant's competence to stand trial, "meaningful adversarial testing" sufficient to satisfy the Sixth Amendment guarantee of counsel requires nothing more. *See Ross II*, 619 F. App'x at 456.

Amir attempts to liken his case to *Martin*, in which our Court determined that a defendant had been unconstitutionally deprived of counsel at a competency hearing because his standby counsel had been "foreclosed" from participating in the hearing by instructions from the presiding judge, did not appear to have "ever expressed any position" on the defendant's competence, and did not appear to have "reviewed any documents" concerning the defendant's competence. 608 F. App'x at 344-46. But Amir's attempted comparison does not stand up. Whitney believed he had an independent duty to raise any competency concerns with the court, was not forbidden from participating in the competency hearing, and strategically chose not to actively participate because he had reviewed Dr. Brannen's report and agreed with its conclusion that Amir was competent. *Martin* itself recognized that such actions by standby counsel can satisfy a defendant's Sixth Amendment right to counsel:

> Standby counsel need not present argument during the competency hearing to satisfy this standard, as long as the decision not to contest competency is an independent, strategic one, borne out of adequate investigation of the defendant's competency and appropriate preparation for the hearing. . . . Adequate investigation entails, at a minimum, reading and analyzing a mental health evaluation of the defendant prepared for the hearing.

608 F. App'x at 344 (citing *Ross*, 703 F.3d at 873-74).

### III. Conclusion

For the foregoing reasons, we hold that Whitney's efforts as standby counsel provided for "meaningful adversarial testing" of Amir's competency to stand trial. Thus, Amir was not deprived of counsel in violation of the Sixth Amendment.

The judgment of the district court is **AFFIRMED**.