[Cite as *State v. Miller*, 2018-Ohio-4258.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-04-019 |
| | : | O P I N I O N |
| - vs - | | 10/22/2018 |
| | : | |
| TODD E. MILLER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013CR0749


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, OH 45103, for plaintiff-appellee

Todd E. Miller, #A709617, Chillicothe Correctional Institution, 15802 State Route 104 North, Chillicothe, OH 45601, defendant-appellant, pro se


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Todd E. Miller, appeals from the decision of the Clermont County Court of Common Pleas denying his pro se motions requesting the trial court dismiss his conviction and the mandatory seven-year prison sentence he received after he pled guilty to one first-degree felony count of illegal manufacture of drugs. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} On January 30, 2014, the Clermont County Grand Jury returned a four-count indictment charging Miller with, among other things, one first-degree felony count of illegal manufacture of drugs. According to the bill of particulars, the charge arose after the Clermont County Narcotics Unit executed a search warrant at a residence located at 807 Greenwood Lane, Clermont County, Ohio, where the officers discovered Miller engaged in the manufacturing of methamphetamine within 1,000 feet of a school zone.

{¶ 3} On August 25, 2014, Miller entered into a plea agreement and pled guilty to the above-named offense in exchange for the remaining charges being dismissed. After engaging Miller in the necessary Crim.R. 11 plea colloquy, the trial court accepted Miller's guilty plea and sentenced Miller to serve a mandatory term of seven years in prison. The trial court also ordered Miller to pay court costs, suspended Miller's driver's license for a period of three years, and notified Miller he would be subject to a mandatory term of five years of postrelease control. Miller did not appeal from his conviction or sentence.

{¶ 4} Approximately one year later, on September 8, 2015, Miller filed a pro se motion requesting the trial court dismiss all charges brought against him. In support of this claim, Miller cited extensively to the Uniform Commercial Code, the Congressional Act of 1871, and the Buck Act of 1940, among others, alleging the trial court had no jurisdiction over him because he was a "sovereign citizen" who was not subject to prosecution by the state of Ohio. Construing Miller's motion as a petition for postconviction relief, the trial court denied Miller's petition upon finding Miller had presented "no cogent, clear, logical, or convincing basis" to grant the requested relief. The trial court further stated:

> The majority of the defendant's motion seems to be premised
> on the fact that he is not a citizen of the United States or the
> State of Ohio; however, he fails to present evidence of this fact.
> If he wishes to revoke his citizenship, he is certainly free to do
> so, but at the time he committed the offense in question, at the

time he entered a plea of guilty, and at the time he was sentenced, there was no issue raised in terms of his citizenship. Further, the defendant seems to rely heavily on the UCC in support of his argument; however, the UCC is civil in nature, and has no bearing on criminal law.

{¶ 5}  On December 22, 2015, Miller filed a pro se post-sentence motion to withdraw his guilty plea.  In support of this motion, Miller argued his trial counsel was ineffective for not filing a motion to suppress, not investigating the plea agreement further, and by "manipulating" him to accept the plea agreement knowing he was "not in his correct frame of mind" since he was "under the influence of a psychotropic drug."  Miller further argued that he should be permitted to withdraw his guilty plea since he was not competent to stand trial at the time he entered his guilty plea.  According to Miller, this rendered his guilty plea void in that it was not knowingly, intelligently, and voluntarily entered.  The trial court denied Miller's motion after finding Miller's claims were not supported by the record and otherwise barred by the doctrine of res judicata.  Miller did not appeal from the trial court's decision.

{¶ 6}  On May 18, 2016, Miller filed another pro se post-sentence motion to withdraw his guilty plea arguing the same basic claims regarding the effectiveness of his trial counsel and his alleged incompetency to stand trial.  According to Miller, he filed this new motion to allow the trial court to reconsider its earlier decision denying his original motion to withdraw his guilty plea.  The trial court denied Miller's motion after again finding Miller's claims were not supported by the record and otherwise barred by the doctrine of res judicata.  This court affirmed the trial court's decision in *State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801.  The Ohio Supreme Court thereafter denied Miller's motion to file a delayed appeal in *State v. Miller*, 150 Ohio St.3d 1450, 2017-Ohio-8136.

{¶ 7}  On June 19, 2017, Miller, still appearing pro se, filed a memorandum with the trial court entitled "Notice of Personal Status and Demand for Dismissal" requesting the trial court to dismiss his conviction and mandatory seven-year prison sentence.  As part of this

memorandum, Miller asserted several arguments generally alleging that he was "a State National, a man born on the soil, a nonresident alien [C]itizen of the Union state of West Virginia. Domiciled in the Kingdom of the Creator in Heaven, I am a spiritual being having a physical experience." (Brackets sic.) As a result, due to his status as a "state national" and "nonresident alien" of West Virginia, Miller alleged that he was bound only to the laws of the United States Constitution and common law, as well as any agreements he entered into knowingly, willfully, and intelligently "and NOT any organizational by law or contractual law created to govern the 'U.S. citizen(s).'" Therefore, according to Miller, charging him with illegal manufacture of drugs was improper since that "is not a criminal violation as defined by the U.S. Constitution or any law in accordance thereof because there is 'No Injured Party,' so such a charge is 'Not with standing.'" Miller also alleged in this memorandum that "judges that interfere with a person's choice of domicile or citizenship are TERRORIST[S]."

{¶ 8} On June 30, 2017, the trial court issued a decision denying Miller's request to dismiss his conviction and mandatory seven-year prison sentence. In so holding, the trial court stated, in pertinent part, the following:

> In the past, the defendant has argued that he is not a citizen of the United States or the State of Ohio; however, now the defendant seems to suggest that the laws of the United States applied to him, but the laws of the State of Ohio do not. He argues that he could not have pled guilty to the offense in question since it is not a crime recognized by the U.S. Constitution. Regardless, the crime is recognized in the State of Ohio, and he committed an offense recognized by the State, thus he can be convicted of such.
>
> While the Court recognizes, strongly believes in, and will always abide by the United States Constitution, the Court finds that the defendant's reading of the Constitution is self-serving, and, unfortunately, incorrect. The Tenth Amendment to the United States' Constitution undoubtedly grants Ohio authority to address criminal matters within its own borders, and allows it to penalize certain activity within the state. This Court clearly has

- 4 -

jurisdiction to enforce those laws.

Miller did not appeal from the trial court's decision.

{¶ 9} On October 23, 2017, Miller filed a pro se motion entitled "Motion to Overrule and Nullify the Conviction and Sentence for Want of Jurisdiction Ab Initio." As part of this motion, Miller noted that the January 30, 2014 indictment was brought against him personally and not the trade name "Todd Emerson Miller;" a trade name the record indicates was certified by the Ohio Secretary of State effective January 3, 2017. Therefore, according to Miller, who referred to himself only as the newly certified trade name "Todd Emerson Miller," an unincorporated business entity, "the defendant TODD EMERSON MILLER does not come within the definition of 'whoever' in section 1.02(A) of the Revised Code and does not authorize a prosecution of any kind."[1]

{¶ 10} One week later, on October 30, 2017, Miller filed a pro se motion for summary judgment alleging the charges brought against him must be dismissed since the indictment named him personally instead of by the trade name "Todd Emerson Miller," an unincorporated business entity operating in the state of Ohio since March 2, 1977.[2] In support, Miller argued that the trade name "Todd Emerson Miller" is "non sui juris and lacks legal qualification to come within the definition of 'whoever' in section 1.02(A) of the Ohio Revised Code." Therefore, according to Miller, "[t]he unincorporated business named defendant does not come within the designated class of section 1.02(A) of [the] Revised Code, and exempted therefrom for prosecution."

{¶ 11} On March 22, 2018, the trial court issued a decision denying both of Miller's motions requesting the trial court dismiss his conviction and mandatory seven-year prison

---

1. Pursuant to R.C. 1.02(A), the term "whoever" is defined as "all persons, natural and artificial; partners; principals, agents, and employees; and all officials, public or private."

2. We note that March 2, 1977 is Miller's birthday, the individual "born on the soil" in West Virginia.

sentence. In so holding, the trial court stated, in pertinent part, the following:

> [T]he defendant argues that this Court lacked jurisdiction because he was an unincorporated business operating in the State of Ohio, and not an individual, thus he could not have been convicted of the offenses at issue. However, the defendant relies on cases that are either (1) wholly distinguishable from the facts at issue in this case or (2) premised upon the General Code, which is no longer the law of the State of Ohio. Moreover, at the time the defendant was convicted and sentenced, he had not yet registered his name as a trade name. The trade name registration was not filed with the Secretary of State until January 3, 2017, and was not effective until that date.

Concluding, the trial court noted that both the Ohio Constitution and the Ohio Revised Code clearly provided it with jurisdiction "over both the defendant as a person, and as a separate legal entity, to the extent that one has been created."

**Appeal**

{¶ 12} Miller, who interchangeably refers to himself in his appellate brief as "Chief Scientist/Agent," "private natural man," "secured party," "holder in due course," and "creditor," among others, now appeals from the trial court's decision denying his pro se motions requesting the trial court dismiss his conviction and mandatory seven-year prison sentence, raising the following six assignments of error for review.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE AGENT OF TODD EMERSON MILLER® AN OHIO UNINCORPORATED CORPORATION HAS BEEN PREJUDICIALLY VIOLATED OF PROCESS AND SERVICE UNDER CIVIL RULE 12(B)(3) & (4) NOW THE TRIAL COURT LACKING SUBJECT MATTER TO HOLD CHIEF SCIENTIST/AGENT MILLER THE NATURAL MAN CRIMINALLY LIABLE FOR THE ACTS OF THE BUSINESS.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED WHEN THE JUDGE WENT ON A FOUR PAGE TIRADE ABOUT CITIZENSHIP (SOVEREIGNTY) ISSUES THAT WERE NOT

CURRENTLY AN ISSUE BEFORE THE COURT.

{¶ 17} Assignment of Error No. 3:

{¶ 18} TRIAL COURT ERRED WHEN IT FAIL[ED] TO ESTABLISH JURISDICTION AFTER JURISDICTION WAS CHALLENGED IN PRETRIAL "MOTION TO DISMISS CHARGES" WHICH HAS NEVER BEEN ADDRESSED WITH A FINAL APPEALABLE ORDER.

{¶ 19} Assignment of Error No. 4:

{¶ 20} THE TRIAL COURT COMMITTED REVERSAL (sic) ERROR AND EXCEEDED ITS AUTHORITY BY SENTENCING DEFENDANT, AN OHIO UNINCORPORATED CORPORATION, TO A JAIL TERM FOR VIOLATION OF R.C. 2929.04(A).

{¶ 21} Assignment of Error No. 5:

{¶ 22} THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE BUSINESS ENTITY AN OHIO UNINCORPORATED CORPORATION AND FAILED TO PROPERLY JOIN ANY PERSONS TO THE ACTIONS AS REQUIRED BY PROPER PROCESS AND SERVICE.

{¶ 23} Assignment of Error No. 6:

{¶ 24} TRIAL COURT ERRED BY NOT RECOGNIZING THE RESERVATION OF RIGHTS PURSUANT TO R.C. 1301.308 OR UCC 1-308.

{¶ 25} As noted above, in his six assignments of error, Miller argues the trial court erred by denying both his "Motion to Overrule and Nullify the Conviction and Sentence for Want of Jurisdiction Ab Initio" and his motion for summary judgment wherein he requested the trial court dismiss his conviction and the mandatory seven-year prison sentence. We disagree.

{¶ 26} Contrary to Miller's claim otherwise, it is clear that both the Ohio Constitution

and the Ohio Revised Code provide the trial court with subject-matter jurisdiction over this case. It is equally clear that Miller, regardless of whether he presented himself as the man "born on the soil" in West Virginia or as the trade name "Todd Emerson Miller," an unincorporated business entity operating in the state of Ohio since March 2, 1977, waived any challenge to the trial court's personal jurisdiction well before he appeared before the trial court and entered his guilty plea.[3] *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10 ("a challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty"), citing *State v. Holbert*, 38 Ohio St.2d 113, 118 (1974). Therefore, because the trial court had both subject matter and personal jurisdiction to convict and sentence Miller to serve a mandatory seven-year prison term after he pled guilty to a one first-degree count of illegal manufacture of drugs, Miller's arguments raised as part of six assignments of error lack merit.

**{¶ 27}** In so holding, although novel in his approach, we note that Miller's "sovereign citizen" arguments have been soundly rejected by every court that has been given the opportunity to do so. *See, e.g., State v. Artis*, 1st Dist. Hamilton Nos. C-160707 and C-160727 thru C-160730, 2017 Ohio App. LEXIS 3840, *2 (Sept. 8, 2017) (appellant "cannot bestow sovereign immunity on herself. Her status as a Moroccan or Moorish individual does not allow her 'to violate state and federal laws without consequence'"); *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6 (overruling appellant's "sovereign citizen" arguments as "wholly frivolous"); *State v. Farley*, 5th Dist. Muskingum Nos. CT2013-0026 and CT2013-0029, 2013-Ohio-5517, ¶ 13 (overruling appellant's "sovereign

---

3. As part of his appellate brief, Miller claims both he and the state agree that the January 30, 2014 indictment charged the trade name "Todd Emerson Miller" with illegal manufacture of drugs as opposed to Miller himself. It is clear the state does not agree with this claim, nor is Miller's claim even possible considering the trade name "Todd Emerson Miller" was not certified by the Ohio Secretary of State until nearly three years later on January 3, 2017.

citizen" arguments upon finding there was "no legal authority to support Appellant's arguments"); *Shaker Hts. v. El-Bey*, 8th Dist. Cuyahoga Nos. 105701 and 105702, 2017-Ohio-9022, ¶ 4 (rejecting appellant's claim that his status as a "sovereign person" absolved him from prosecution); *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 6-10 (rejecting appellant's "sovereign citizen" arguments noting such claims have been raised "by pro se litigants, albeit unsuccessfully").

{¶ 28} This court has also rejected substantially similar "sovereign citizen" arguments in *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519. As this court stated in *Blacker*:

> Whether or not Blacker claims sovereignty, the Ohio Constitution, in accordance with the Federal Constitution, sets forth jurisdiction requirements by which a trial court has power to adjudicate a case. Article IV, Section 4(B) states that "the courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * *." In promulgating R.C. 2901.11(A)(1), the Ohio General Assembly set forth "Criminal Law Jurisdiction" and established that "a person is subject to criminal prosecution and punishment in this state if any of the following occur: The person commits an offense under the laws of this state, any element of which takes place in this state." R.C. 1.59(D) states that "'person' includes an individual" so that Ohio's Revised Code and any applicable criminal statutes apply to all individuals, regardless of citizenship or nonresident alien status. According to Ohio's criminal venue statute, R.C. 2901.12(A), "the trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
>
> Blacker was indicted for two violations of Ohio's criminal code, with the violations occurring in Warren County. Therefore, the Warren County Court of Common Pleas held proper jurisdiction over Blacker, sovereign man or not.

*Id.* at ¶ 9-10.

{¶ 29} In addition to the appellate courts of this state, the federal courts have also rejected the same or substantially similar "sovereign citizen" arguments raised by Miller

herein. *See, e.g., United States v. Amir*, 644 Fed. Appx. 398, 399 (6th Cir. 2016) (rejecting appellant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply"); *United States v. McCaskill*, 48 Fed. Appx. 961, 962 (6th Cir. 2002) (rejecting appellant's "sovereign citizen" arguments as "patently meritless"); *Stephens v. United States*, S.D.Ohio No. 11CR136-7, 2018 U.S. Dist. LEXIS 51322, *4-5 (March 28, 2018) (rejecting plaintiff's "sovereign citizen" arguments noting that arguments claiming "that a person is a sovereign citizen and not subject to the laws of the United States have uniformly been rejected as lacking any foundation in law"); *United States v. Leugers*, S.D.Ohio No. 1:16CV614, 2017 U.S. Dist. LEXIS 12379, *3 (Jan. 30, 2017) (rejecting defendant's "sovereign citizen" arguments as lacking any merit and "patently frivolous").

{¶ 30} The facts of this case are clear. After entering into a plea agreement, Miller pled guilty to one first-degree felony count of illegal manufacture of drugs that resulted in the trial court sentencing him to serve a mandatory seven-year prison term. At the time he entered his guilty plea, Miller specifically stated that he was satisfied with the advice he received from his trial counsel, that nobody had put any pressure on him to enter his guilty plea, and that nobody promised him anything if he agreed to enter his guilty plea. The record further indicates the trial court explicitly asked Miller if he understood that by entering a guilty plea that he would be making a complete admission of guilt acknowledging that he had engaged in the illegal manufacture of drugs as alleged. Miller responded by stating "Yes."

{¶ 31} Based on the record properly before this court, nothing about the trial court's decision to accept Miller's guilty plea was improper. There was also nothing improper about the trial court's decision to sentence Miller to serve a mandatory seven-year prison term. Simply stated, Miller's arguments claiming the trial court lacked subject matter and personal

jurisdiction over him were either waived, forfeited, barred by the doctrine of res judicata, or incorrect and wholly frivolous having no basis in law or fact. Miller's claims otherwise lack merit.

{¶ 32} In reaching this decision, we find it necessary to explicitly reject Miller's claim that the trial court "lost decorum" and "showed impropriety and bias" towards him. This court also explicitly rejects Miller's claim that the trial court became "belligerent" and made "threats" against him. This court has reviewed the numerous transcripts submitted in this case and find Miller's claims that the trial court acted in any way improperly towards him are patently false and unsupported by the record.

{¶ 33} Moreover, although not pertinent to the arguments Miller raised on appeal, as part of the proceedings before the trial court, we note that Miller alleged the trial court was engaged in a stalling tactic by taking this matter under advisement prior to issuing its decision. The trial court soundly rejected Miller's claim stating, in pertinent part, the following:

> The Court would advise the defendant that it takes most of its cases under advisement in an effort to ensure that it does the proper research and provides both parties with a correct decision. In this case, the defendant's motions are often creative, but not always clearly and cogently written. Once the Court reads the defendant's motions, it must then perform research, and then takes every effort to provide the defendant with a detailed and accurate response. Rather than stalling, the Court is instead trying to make every effort to make sure the defendant understands the reasoning behind the Court's decision. The other option is for the Court to rule on the defendant's motions immediately upon their arrival, and with no explanation, which would have almost certainly resulted in a denial since the Court would not have time to thoroughly read and research them.

{¶ 34} We agree with the trial court's sentiments and commend the trial court for its efforts in addressing the merits of Miller's arguments head-on rather than merely dismissing his claims on procedural grounds. The trial court, faced with Miller's unconventional

arguments, clearly provided Miller with his day in court by taking this matter under advisement and providing Miller with a detailed decision outlining its reasoning in denying his motions.

{¶ 35} Finally, as part of his reply brief, we note that Miller argues his guilty plea was not entered knowingly, intelligently, and voluntarily since the trial court never notified him "of the consequences of waiving the right to challenge the lab analyst's report." Miller also claims in his reply brief that he entered his guilty plea only to "reduce the injury being inflicted through the judicial proceedings" as evidenced by the "unwanted influence of the trial court and trial counsel[.]" Miller further argues that "[t]he plea was not voluntary; rather it was a means to an end, a way to stop the injury by the state doctors." Therefore, according to Miller, he "signed the plea under protest" by "making a reservation of rights on the behalf of the business entity that Mr. Miller was representing[.]"

{¶ 36} The record does not support Miller's claims for it is clear that the trial court went to great lengths to ensure Miller understood the rights he was giving up by entering his guilty plea. This includes specifically notifying Miller that by entering his guilty plea that he was waiving his right to have his trial counsel "subpoena any witnesses that either he thought or you thought could be helpful to you at trial[.]" The trial court also explicitly notified Miller that by entering his guilty plea that his trial counsel "could question, confront, cross examine any witnesses who testified against you at trial[.]" When asked if he understood these rights, Miller answered "Yes." At no time did Miller object or in any way protest signing the change of plea form as Miller suggests. Therefore, based on a simple review of the record, Miller's claim that his guilty plea was not entered knowingly, intelligently, and voluntarily is incorrect.

{¶ 37} Regardless, even if we were to find merit to Miller's claims, "[i]t is well-established that an appellant may not raise new issues or assignments of error in a reply

- 12 -

brief." *State v. Bullard*, 12th Dist. Clermont No. CA2012-09-064, 2013-Ohio-3313, ¶ 8, citing *State v. Renfro*, 12th Dist. Butler No. CA2011-07-142, 2012-Ohio-2848, ¶ 28. This is because, as this court stated in *Baker v. Meijer Stores Ltd. Partnership*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 17, "[a] reply brief simply provides the appellant with an opportunity to respond to the arguments raised in the appellee's brief." Therefore, finding no merit to any of the arguments raised by Miller within his six assignments of error, Miller's six assignments of error lack merit and are overruled.

**{¶ 38}** Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.