[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Coulson*, Slip Opinion No. 2021-Ohio-671.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-671

THE STATE EX REL. SANDS, APPELLANT, *v.* COULSON, PROS. ATTY., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Coulson*, Slip Opinion No. 2021-Ohio-671.]

*Mandamus—Prosecutor has no clear legal duty to perform an action that he has no legal authority to undertake—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2020-0836—Submitted January 12, 2021—Decided March 11, 2021.)

APPEAL from the Court of Appeals for Lake County, No. 2020-L-041, 2020-Ohio-3246.

_____

**Per Curiam.**

{¶ 1} Appellant, Joseph A. Sands, appeals the judgment of the Eleventh District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Lake County Prosecuting Attorney Charles E. Coulson. We affirm.

*Background*

**{¶ 2}** In December 2006, Sands was convicted in the Lake County Common Pleas Court of three counts of conspiracy to commit aggravated murder, two counts of conspiracy to commit aggravated arson, and one count of engaging in a pattern of corrupt activity. Sands received an aggregate prison sentence of 20 years. The Eleventh District Court of Appeals affirmed his convictions and sentence on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981, ¶ 195.

**{¶ 3}** On March 23, 2020, Sands filed an original action for a writ of mandamus in the Eleventh District, alleging that his convictions were based on the perjured testimony of the state's key witness. And Sands asserted that Coulson has a "constitutional duty" to provide him a fair trial and to correct any perjured testimony known to Coulson. Sands therefore asked the court of appeals to grant a writ of mandamus compelling Coulson "to dismiss the judgment of conviction[s]" against Sands. Coulson filed a motion to dismiss the complaint.

**{¶ 4}** The court of appeals granted Coulson's motion to dismiss. 2020-Ohio-3246, ¶ 7. The court held that Coulson is not under a clear legal duty to dismiss Sands's convictions. *Id*. at ¶ 6. The court observed, "Sands has cited no authority, and this court is not aware of any, for the proposition that a prosecutor has the ability to vacate criminal convictions." *Id*.

**{¶ 5}** Sands appealed to this court.

*Analysis*

**{¶ 6}** To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. For a court to dismiss a mandamus complaint pursuant to Civ. R.12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can

prove no set of facts warranting relief, after all factual allegations in the complaint are presumed to be true, and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Empl. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10.

{¶ 7} The court of appeals correctly dismissed Sands's complaint for failure to state a claim upon which relief can be granted. Sands has provided no authority establishing that a prosecutor has the authority to unilaterally vacate a conviction. And Coulson is not under a clear legal duty to perform an action that he has no legal authority to undertake.

{¶ 8} Sands's claim is premised on an allegation of prosecutorial misconduct. A prosecutor has a duty to ensure that a criminal defendant receives a fair trial, which includes obligations to refrain from knowingly using perjured testimony and to correct testimony known to be false. *See State v. Iacona*, 93 Ohio St.3d 83, 104, 752 N.E.2d 937 (2001). Under certain circumstances, a prosecutor's failure to meet these obligations might constitute prosecutorial misconduct. *Id.* But our caselaw addresses these obligations in the context of the prosecutor's duty to bring such matters to the attention of the court and to the defense. *See id.* It does not say that a prosecutor has the authority to unilaterally vacate a conviction.

{¶ 9} For this reason, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellee.

_____