[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Furr v. Ruehlman*, Slip Opinion No. 2023-Ohio-481.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-481

FURR, APPELLANT, *v.* RUEHLMAN, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Furr v. Ruehlman*, Slip Opinion No. 2023-Ohio-481.]

*Mandamus—Relator's complaint challenging trial court's jurisdiction over his criminal case failed to state a viable claim for relief in mandamus against named respondent—Court of appeals' dismissal of complaint affirmed.*

(No. 2022-0574—Submitted January 10, 2023—Decided February 21, 2023.)

APPEAL from the Court of Appeals for Hamilton County, No. C-220122.

_____

**Per Curiam.**

{¶ 1} Appellant, Kono-Renaul Furr, appeals the First District Court of Appeals' dismissal of his mandamus action. He has also filed motions for default judgment and summary judgment on the ground that appellee, Hamilton County Court of Common Pleas Judge Robert P. Ruehlman, did not file a merit brief in this appeal. We affirm the court of appeals' judgment and deny Furr's motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Furr was a criminal defendant in *State v. Furr*, Hamilton C.P. No. B1601520. In that proceeding, he filed a motion to dismiss the case against him based on (1) his "reservation of rights" under Uniform Commercial Code ("UCC") 1-308 and (2) an argument that the proceedings against him violated 18 U.S.C. 241 and 242 because they deprived him of his UCC rights.[1] These arguments are characteristic of a "sovereign-citizen" defense. By invoking UCC 1-308, so-called sovereign citizens contend that they preserve their common-law rights and exempt themselves from federal and state law. *See State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 5; *see also DuBose v. Kasich*, S.D.Ohio No. 2:11-CV-00071, 2013 WL 164506, *3 (Jan. 15, 2013).

**{¶ 3}** In March 2022, Furr filed a complaint for a writ of mandamus in the First District. He sought a writ compelling Judge Ruehlman "to honor the motion to dismiss for the reservation of [his] rights." (Capitalization deleted.) Furr asked the court of appeals to order Judge Ruehlman to "vacate the void judgment, [and] discharge and release [him] from any obligation and/or confinement." Judge Ruehlman filed a motion to dismiss Furr's petition for a writ of mandamus, which Furr opposed.

**{¶ 4}** The court of appeals granted Judge Ruehlman's motion to dismiss, concluding that to the extent Furr sought a writ ordering the trial court to rule on his motion to dismiss the criminal case against him, the matter was moot because Judge Ruehlman had already denied that motion. The court of appeals also concluded that to the extent Furr filed his writ petition as a means of contesting Judge Ruehlman's denial of his motion to dismiss his criminal case, mandamus was

---

1. R.C. 1301.308 codifies UCC 1-308. Subsection (A) of that statute provides: "A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient."

not the appropriate means by which to challenge Judge Ruehlman's ruling. Furr appealed to this court as of right. *See* 166 Ohio St.3d 1506, 2022-Ohio-1624, 187 N.E.3d 553.

## II. ANALYSIS

### A. *Motions for Default Judgment and Summary Judgment*

**{¶ 5}** Furr timely filed his merit brief, but Judge Ruehlman did not file a merit brief or otherwise appear in this appeal. Furr has filed a motion for a "writ of default judgment," asking this court to enter a "judgment by default" in his favor based on Judge Ruehlman's failure to file a brief. He has also filed a separate motion for a "writ of summary judgment," making the same argument. We deny both motions.

**{¶ 6}** Our rules of practice do not provide for entry of a default judgment in the appellant's favor merely because of an appellee's failure to file a brief. Rather, we may accept the appellant's statement of facts and issues as correct and reverse the judgment below if the appellant's brief reasonably appears to sustain reversal. S.Ct.Prac.R. 16.07(B). Even if we were to accept Furr's statement of facts and issues as correct, however, his brief does not provide a legitimate basis to reverse the court of appeals' judgment.

**{¶ 7}** Nor is summary judgment appropriate. Civ.R. 56, which governs motions for summary judgment in civil proceedings, does not apply in appeals of right in this court. *Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832, 40 N.E.3d 1108, ¶ 6.

### B. *Furr's Mandamus Claim*

**{¶ 8}** To be entitled to a writ of mandamus, Furr must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Ruehlman to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Sands v. Coulson*, 163

Ohio St.3d 275, 2021-Ohio-671, 169 N.E.3d 663, ¶ 6.  We review de novo an order dismissing a mandamus complaint.  *Id.*

{¶ 9} Furr contends that the criminal proceedings against him were void for lack of jurisdiction because he reserved his rights under the UCC not to be bound by any "unrevealed contract or commercial agreement" with the state of Ohio.  If a court patently and unambiguously lacks jurisdiction, mandamus relief could lie regardless of the availability of an adequate remedy in the ordinary course of the law.  *See State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10.

{¶ 10} In this case, however, Furr's argument is not cognizable in mandamus.  Ohio courts of appeals have routinely rejected as baseless these sorts of sovereign-citizen challenges to a trial court's jurisdiction in criminal cases.  *See, e.g.*, *Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, at ¶ 5-6; *State v. Miller*, 12th Dist. Clermont No. CA2018-04-019, 2018-Ohio-4258, ¶ 24-29; *Garfield Hts. v. Foster*, 8th Dist. Cuyahoga No. 102965, 2016-Ohio-2834, ¶ 9; *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 6-7; *State v. Farley*, 5th Dist. Muskingum Nos. CT2013-0026 and CT2013-0029, 2013-Ohio-5517, ¶ 13.  The UCC " 'has no bearing on criminal subject matter jurisdiction.' " *Id.*, quoting *United States v. Mitchell*, 405 F.Supp.2d 602, 604 (D.Md.2005).  And no "contract" between the criminal defendant and the prosecuting jurisdiction is necessary for a trial court to obtain personal jurisdiction over the defendant.  *See State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 3-6.

### III.  CONCLUSION

{¶ 11} For these reasons, Furr failed to state a valid claim for mandamus relief, and the court of appeals properly dismissed his complaint.  We affirm the court of appeals' judgment and deny Furr's motions for default judgment and summary judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DETERS, J., not participating.

————————————

Kono-Renaul Furr, pro se.

————————————