[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Grinnell v. Cool*, Slip Opinion No. 2023-Ohio-3672.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3672

GRINNELL, APPELLANT, *v*. COOL, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Grinnell v. Cool*, Slip Opinion No. 2023-Ohio-3672.]**

*Habeas corpus—Petitioner failed to comply with requirements of R.C. 2969.25(C)—Court of appeals' judgment dismissing petition affirmed— Warden's request for a vexatious-litigator declaration denied.*

(No. 2023-0253—Submitted August 22, 2023—Decided October 11, 2023.)

APPEAL from the Court of Appeals for Ross County, No. 22CA34.

_____

**Per Curiam.**

{¶ 1} Appellant, Timothy Grinnell, a prison inmate, filed a petition for a writ of habeas corpus in the Fourth District Court of Appeals arguing that the trial court in which he was convicted lacked subject-matter jurisdiction.  The Fourth District dismissed the petition.  Grinnell appeals to this court.  We affirm.

**Background**

**{¶ 2}** In 1994, the Scioto County grand jury indicted Grinnell on two counts of aggravated murder. The charges arose from Grinnell's involvement in the Lucasville prison riot at the Southern Ohio Correctional Facility in April 1993. *See State v. Grinnell*, 112 Ohio App.3d 124, 678 N.E.2d 231 (10th Dist.1996). Venue was changed from Scioto County to Franklin County, and a Franklin County jury found Grinnell guilty of all charges. The Franklin County Court of Common Pleas sentenced Grinnell to two concurrent life sentences with parole eligibility after 20 years.

**{¶ 3}** In 2022, Grinnell filed a petition for a writ of habeas corpus in the Fourth District against Warden William Cool, arguing that the trial court lacked subject-matter jurisdiction because the criminal charges against him were not prosecuted by the Scioto County prosecuting attorney, allegedly in violation of R.C. 2931.29. Grinnell also argued that the trial court failed to properly journalize his sentencing entry and that the trial judge was not properly assigned to his case. The Fourth District dismissed the petition based on Grinnell's failure to comply with R.C. 2969.25(C), which required Grinnell to file with his petition a certified statement setting forth the balance in his inmate account for each of the preceding six months. The Fourth District also concluded that Grinnell's claim was barred under the doctrine of res judicata and that the petition failed because Grinnell had an adequate remedy in the ordinary course of the law.

**{¶ 4}** Grinnell appeals to this court as of right.

**Analysis**

*Failure to comply with R.C. 2969.25(C)*

**{¶ 5}** When an inmate files a civil action against a government employee in a court of appeals and seeks a waiver of the prepayment of the filing fees, the inmate must file with the complaint an affidavit of indigency and an affidavit stating that he is seeking a waiver. R.C. 2969.25(C). These filings must include, among other

2

things, a statement setting forth "the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." R.C. 2969.25(C)(1).

{¶ 6} Grinnell filed a motion seeking a waiver of the prepayment of filing fees and an affidavit declaring his indigency. He included with his filing a statement of the balance in his inmate account. The Fourth District held that the statement was deficient because "it only provide[d] the account balance as of May 16, 2022." But the record shows that Grinnell filed a statement showing the balance of his account from January 1, 2022, to July 11, 2022. The Fourth District therefore erred in concluding that Grinnell's statement of account failed to set forth the balance for a six-month period.

{¶ 7} But Grinnell acknowledges that his filing was deficient because the statement of account was not certified by the institutional cashier. We have held that compliance with R.C. 2969.25(C)(1) is mandatory. *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. We affirm the judgment of the court of appeals because Grinnell failed to submit a certified statement of his inmate account as required by R.C. 2969.25(C)(1).

*The warden's request for a vexatious-litigator declaration*

{¶ 8} In his merit brief, the warden asks this court to declare Grinnell a vexatious litigator. S.Ct.Prac.R. 4.03(A) provides that this court may sanction persons who file "an appeal or other action [that] is frivolous or is prosecuted for delay, harassment, or any other improper purpose." "If a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A)," we may declare such person a vexatious litigator. S.Ct.Prac.R. 4.03(B). The warden has not shown that Grinnell's conduct is so habitual and persistent that it warrants labeling him a vexatious litigator at this time.

**Conclusion**

**{¶ 9}** We affirm the Fourth District's judgment because Grinnell failed to comply with R.C. 2969.25(C).  We deny the warden's request to declare Grinnell a vexatious litigator.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

––––––––––––––––––

Timothy Grinnell, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

––––––––––––––––––