[Cite as *State ex rel. Allen v. Miller*, 2024-Ohio-2978.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. John Allen III, | : | |
| Relator, | : | No. 24AP-56 |
| v. | : | (REGULAR CALENDAR) |
| Judge Andy Miller, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on August 6, 2024

**On brief:** *John Allen III*, pro se.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, John Allen III, filed an original action requesting this court issue a writ of mandamus giving respondent, the Honorable Andy Miller, judge of the Franklin County Court of Common Pleas, jurisdiction to rule on relator's pending motion.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss relator's mandamus petition. No objections have been filed to that decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we sua sponte dismiss relator's complaint for a writ of mandamus.

*Case dismissed.*

JAMISON and EDELSTEIN, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. John Allen III,                    :

        Relator,                                  :

v.                                                              :                    No.  24AP-56

                                                          :

Judge Andy Miller,                              :                    (REGULAR CALENDAR)

        Respondent.                            :

                                                          :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 23, 2024

---

*John Allen III*, pro se.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 4}   Relator, John Allen III, seeks a writ of mandamus giving respondent, the Honorable Andy Miller, judge of the Franklin County Court of Common Pleas, jurisdiction to rule on relator's motion pending before respondent.

**I. Findings of Fact**

{¶ 5}   1. Relator is an inmate incarcerated at Madison Correctional Institution in London, Ohio.

{¶ 6}   2. Respondent is a public official currently serving as a judge of the Franklin County Court of Common Pleas.

{¶ 7}   3. Relator filed his complaint in mandamus in this court on January 22, 2024. In his complaint, relator states that he filed in the common pleas court a motion to dismiss

another motion he previously filed in that court. Specifically, relator states that he sought to dismiss his motion for final appealable order. Relator asserts that a writ of mandamus is the only option when a trial court has refused to render judgment or is unduly delaying rendering judgment. Relator states that he "would just like to dismiss his Motion for Final Appea[la]ble Order and pursue other option[s] in the Court at this time." (Compl. at 2.) Relator claims that because "[t]he trial Court does not have Jurisdiction to rule on Relator Motion for Final Appealable Order, a writ of mandamus is the only remedy for Relator." (Sic passim.) (Compl. at 3.) Relator states that he "is following procedure in filing the writ of Mandamus in order to give the trial Court Jurisdiction to dismiss Motion for Final Appealable order." (Sic passim.) (Compl. at 5.) Relator requests the following relief: "That a writ of mandamus issue to the Respondent directing them to take action as follow: Submit an order giving [respondent] Jurisdiction to rule on [relator's] Motion for final appealable order to be dismissed so Defendant may p[u]rsue other avenues and solutions in the Court." (Compl. at 5.)

{¶ 8}    4. Attached to relator's complaint was an affidavit of indigency. In the affidavit, relator states that because he is indigent and unable to pay the court's full filing fee and security deposit, he seeks a waiver of such costs. Relator further states that "[a] statement setting forth the balance of my inmate account for each of the preceding six months, as certified by the institutional cashier, may be attached or a [notarized] form for prof [sic] of Indigency." (Aff. of Indigency at 2.)

{¶ 9}    5. No statement setting forth the balance in relator's inmate account for each of the preceding six months, as certified by the institutional cashier, is attached to the affidavit of indigency or complaint. Relator has not paid the filing fee for the commencement of this action.

## II. Discussion and Conclusions of Law

{¶ 10}  In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the requested relief, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). The relator bears the burden of establishing entitlement to a writ of mandamus by clear and convincing evidence. *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, ¶ 14. "A court in a mandamus proceeding cannot create a duty where none exists." *State ex rel. Clough v. Franklin Cty.*

*Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, ¶ 15, citing *State ex rel. Governor v. Taft*, 71 Ohio St.3d 1, 3 (1994).

{¶ 11} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 12} With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). R.C. 2969.21 provides definitions applicable to R.C. 2969.25. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 13} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14

(stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 14} Here, relator failed to attach to his affidavit of indigency a statement setting forth the balance in relator's inmate account for each of the preceding six months, as certified by the institutional cashier. *See Grinnell v. Cool*, 173 Ohio St.3d 348, 2023-Ohio-3672, ¶ 7; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6. By failing to attach this statement as required by R.C. 2969.25(C)(1), relator's petition is subject to dismissal. *French* at ¶ 12. Additionally, although relator's affidavit of indigency details his monthly earnings and the amount in his prison commissary account, it does not contain a "statement that sets forth all other cash and things of value owned by the inmate" at the time of filing. R.C. 2969.25(C)(2). Rather, the affidavit is silent with regard to this required statement. *See State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 11. Because relator has failed to comply with the mandatory requirements of R.C. 2969.25(C), his complaint must be dismissed. *Id.* at ¶ 13; *Sands* at ¶ 11; *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9; *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5. Although petitioner's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.

**{¶ 15}** Accordingly, it is the decision and recommendation of the magistrate that relator's mandamus petition should be dismissed sua sponte.

　　　　　　　　　　　　　　　　　　　/S/ MAGISTRATE
　　　　　　　　　　　　　　　　　　　JOSEPH E. WENGER IV

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.