[Cite as *State ex rel. Robinson v. Page*, 2024-Ohio-4468.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Sterling Robinson,      :

         Relator,      :

v.      :         No. 24AP-233

     :

Judge Jaiza N. Page et al.,      (REGULAR CALENDAR)

     :

         Respondents.      :

     :

---

D E C I S I O N

Rendered on September 10, 2024

---

**On brief:** *Sterling Robinson*, pro se.

**On brief**: *G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for respondents.

---

IN PROHIBITION AND MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

MENTEL, P.J.

{¶ 1} Relator, Sterling Robinson, pro se, an inmate incarcerated at the Madison Correctional Institution, filed a petition for prohibition and mandamus against respondents, Judge Jaiza N. Page and a Franklin County assistant prosecuting attorney, Sheryl L. Prichard. On May 1, 2024, respondents filed a motion to dismiss Robinson's complaint pursuant to Civ.R. 12(B)(6). Robinson filed a memorandum in opposition on May 20, 2024.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On May 21, 2024, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we grant respondents' motion to dismiss Robinson's complaint for a writ of prohibition and mandamus. In addition to rejecting the

substantive claims in Robinson's complaint, the magistrate also found that Robinson's filing was subject to sua sponte dismissal as it did not comply with the mandatory inmate filing requirements under R.C. 2969.25(C)(1). The magistrate concluded that Robinson's failure to submit a certified statement of his inmate account in his original filing constituted grounds for dismissal. The magistrate provided notice to Robinson of the opportunity, under Civ.R. 53(D)(3), to object to the findings of fact and conclusions of law in the decision.

{¶ 3} On June 10, 2024, Robinson filed objections to the magistrate's decision largely centered on the magistrate's examination of the respondents' motion to dismiss. On June 17, 2024, the respondents filed a memorandum in opposition. Robinson also filed a motion to take judicial notice of the transcript and a judgment entry on June 27, 2024.

{¶ 4} Pursuant to Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 5} It is well established that a court may dismiss an inmate's complaint for failing to comply with the filing requirements of R.C. 2969.25. *See, e.g.*, *State ex rel. Parker Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19. This court has held that the documents required to comply with R.C. 2969.25 "must be filed at the time the complaint is filed"; failure to comply with the mandatory requirements at the time of filing "subjects [the] complaint to dismissal." *Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10, citing *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 11. "[T]he failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 6} Upon review, we need not reach the substance of respondents' motion to dismiss as Robinson's objections do not resolve his initial failure to comply with R.C. 2969.25. As noted by the magistrate, Robinson's complaint failed to meet the inmate filing requirements by not including in his affidavit a statement certified by the institutional cashier that sets forth the balance in relator's inmate account for each preceding six months. The magistrate correctly denied Robinson's motion to amend to attach a signed

court certification form as the deficiency in a relator's original filing cannot be cured by a subsequent amendment. We find that Robinson's objections do not overcome, or even meaningfully address, the magistrate's determination that his initial complaint failed to conform with R.C. 2969.25(C)(1). Therefore, we sua sponte dismiss without prejudice Robinson's complaint for failing to comply with R.C. 2969.25(C)(1). Consequently, we decline to adopt Section C of the magistrate's conclusions of law as respondents' motion to dismiss is now moot.[1] Moreover, Robinson's June 27, 2024 motion for judicial notice is also deemed moot.

{¶ 7} Upon a careful review of the magistrate's decision, an independent review of the record, and due consideration of Robinson's objections, we find the magistrate properly applied the law to the facts. Accordingly, we overrule Robinson's objections, and adopt the magistrate's decision as our own as modified for the reasons discussed above.

*Objections overruled*; *case dismissed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____

---

[1] We note that our decision to reject Section C of the magistrate's decision is not a rejection of its analysis. Rather, we need not consider the section as our prior determination that Robinson failed to comply with the mandatory filing requirements of R.C. 2969.25 resolves this matter on other grounds.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Sterling Robinson,                      :

        Relator,                                      :

v.                                                               No.  24AP-233

                                          :

Judge Jaiza N. Page et al.,                            (REGULAR CALENDAR)

                                          :

        Respondents.                              :

                                          :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 21, 2024

---

*Sterling Robinson*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Charles R. Ellis*, for respondents.

---

IN PROHIBITION AND MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 8}  Relator Sterling Robinson has filed this original action seeking relief in prohibition and mandamus. Relator named as respondents the Honorable Jaiza N. Page, a public official serving as judge of the Franklin County Court of Common Pleas, and Sheryl L. Prichard, a Franklin County assistant prosecuting attorney.

## I. Findings of Fact

{¶ 9}  1. Relator commenced this original action by filing a complaint in mandamus and prohibition on April 4, 2024.

{¶ 10}  2. At the time of the filing of this action, relator was an inmate incarcerated at the Madison Correctional Institution ("MaCI") in London, Ohio.

{¶ 11} 3. Respondents are government employees for purposes of R.C. 2969.21 et seq.

{¶ 12} 4. In the complaint, relator alleges that on August 5, 2019, a jury returned verdicts finding relator not guilty of one count of trafficking in cocaine, but guilty of another count of trafficking in cocaine. Relator further alleges that on February 20, 2024, relator "placed the following issue before Respondent: COMMON LAW MOTION to vacate a void judgment for actual fraud and actual absent of consent." (Sic passim.) (Compl. at 2.) Relator attached to the complaint several documents that purportedly reflect filings in the criminal case including a copy of the judgment entry and a motion filed by relator with the following caption: "COMMON LAW MOTION TO VACATE a void judgment for fraud and actual absence of consent." (Sic passim.) (Compl. at 53.) The purported judgment entry of conviction attached to the complaint reflects that relator was found guilty pursuant to a jury verdict of one count of trafficking in cocaine with a specification in violation of R.C. 2925.03, a felony of the first degree. Relator was sentenced to an 11-year period of incarceration.

{¶ 13} At various points in the complaint, relator appears to seek issuance of a writ of prohibition and mandamus.[2] Relator raises a number of assertions related to consent, stating that "the court exceeded its judicial power and authority by entering the consent document, and was unauthorized by law." (Emphasis removed.) (Compl. at 14.) In relator's demand for relief, relator requested "[t]hat a writ of mandamus issue to the Respondent directing them to take action as follows: VACATE THE JUDGMENT and FINDINGS as being VOID; for actual fraud in the procurement of the judgment and discharge Relator from custody." (Sic passim.) (Compl. at 18.)

{¶ 14} 5. Along with the complaint, on April 4, 2024, relator filed an affidavit of verity, an affidavit of civil filings, and an affidavit of indigency. Relator attached to the affidavit of indigency a document purportedly reflecting a summary of relator's inmate account at MaCI. The inmate account summary does not reflect that it was certified by the institutional cashier.

---

[2] Relator states that the complaint is for a "WRIT OF PROHIBITION AND MANDAMUS." (Compl. at 1.) Relator also references the elements of a prohibition action in the complaint. However, in the demand for relief, relator only specifically mentions seeking the issuance of a writ of mandamus. For purposes of this decision, relator's complaint will be construed as seeking relief in both prohibition and mandamus.

{¶ 15} 6. On May 1, 2024, relator filed two motions. First, relator filed a motion for leave to amend affidavit of verity and affidavit of civil filings. Second, relator filed a motion for leave to amend complaint to comply with R.C. 2969.25(C)(1).

{¶ 16} 7. Also on May 1, 2024, respondents filed a motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6).

{¶ 17} 8. On May 20, 2024, relator filed a "motion in opposition to respondent's Ohio R. Civ. P. 12(B)(6) motion to dismiss."[3]

## II. Discussion and Conclusions of Law

{¶ 18} Respondents assert relator's complaint must be dismissed for failing to state a claim upon which relief can be granted.

## A. Review of a Motion to Dismiss for Failure to State a Claim

{¶ 19} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the petition or complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 20} A court reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6) must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can

---

[3] Although captioned as a motion, relator's May 20, 2024 filing appears in substance to be a response to respondents' May 1, 2024 motion to dismiss. *See, e.g.*, Civ. R. 6(B)(1) ("Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion."). Therefore, relator's arguments in the May 20, 2024 filing are considered in resolving respondents' motion to dismiss.

prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could obtain relief, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

**B. Requirements for Issuance of Writs of Prohibition and Mandamus**

{¶ 21} This court possesses original jurisdiction in prohibition and mandamus. Ohio Constitution, Article IV, Section 3(B)(1); *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 149 (1967); *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 22AP-301, 2023-Ohio-1195, ¶ 8; *State ex rel. Kingsley v. State Emp. Relations Bd.*, 10th Dist. No. 09AP-1085, 2011-Ohio-428, ¶ 3. A writ of prohibition is an extraordinary remedy issuing out of a court of superior jurisdiction that commands an inferior tribunal to cease abusing or usurping judicial functions. *State ex rel. Roush v. Montgomery*, 10th Dist. No. 17AP-791, 2018-Ohio-2098, ¶ 22, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73. To be entitled to the requested writ of prohibition, the relator must establish that (1) the respondent is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, ¶ 16, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 25; *State ex rel. Abernathy v. Lucas Cty. Bd. of Elections*, 156 Ohio St.3d 238, 2019-Ohio-201, ¶ 5, citing *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, ¶ 27. A writ of prohibition, as an extraordinary remedy, is "customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).

{¶ 22} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 159 Ohio St.3d 357, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 10th Dist. No. 22AP-478, 2023-Ohio-781, ¶ 13 (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 164 Ohio St.3d 364, 2021-Ohio-1508, ¶ 19. "A complaint in mandamus states a claim if it alleges 'the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989), quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 224 (1979).

## C. Relator's Complaint Fails to State a Claim in Mandamus or Prohibition

{¶ 23} Relator seeks writs of mandamus and prohibition directing respondents to vacate relator's criminal conviction and release him from custody. Relator makes a number of arguments related to a lack of consent in the criminal proceedings before respondent Judge Page. In part, relator states as follows:

> Relator is entitled to relief based upon, actual absence of consent and actual fraud in the procurement of the judgment due to the following:

> * * * On August 5[,] 2019, a jury returned verdicts finding defendant not guilty of trafficking in cocaine as charged in Count 1, regarding the February 9, 2018, incident, but guilty of trafficking in cocaine as charged in Count 2, regarding the February 21, 2018, incident.

> * * * On September 17, before the Court rendered the invalid Judgment entry, the Relator, gave the court allocution and appropriate notice of ***actual absence of consent*** to the **contract, proceedings** and as **Surety**.

(Sic passim.) (Compl. at 2-3.) In both relator's complaint and in the response to respondents' motion to dismiss, relator goes on at length regarding various principles of contract law in arguing that the underlying criminal conviction was void.

{¶ 24} Relator's arguments are not cognizable in mandamus or prohibition. *See Furr v. Ruehlman*, 170 Ohio St.3d 386, 2023-Ohio-481, ¶ 10. "[W]here a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal." *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997). Generally, however, "a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, ¶ 24. Relator fails to state a claim in prohibition or mandamus because he cannot show respondent Judge Page, as a judge of the Franklin County Court of Common Pleas, lacked subject-matter jurisdiction.

{¶ 25} The Franklin County Court of Common Pleas has subject-matter jurisdiction over criminal cases involving felonies, which includes trafficking in cocaine. *See State ex rel. Thompson v. Gonzalez*, ___ Ohio St.3d ___, 2024-Ohio-897, ¶ 13; *State ex rel. Mobarak v. Brown*, ___ Ohio St.3d ___, 2024-Ohio-221, ¶ 7; Ohio Constitution Article IV, Section 4; R.C. 2925.03; R.C. 2931.03(C)(4). The principles of consent and contract law to which relator refers are irrelevant to the question of whether a common pleas court possesses subject-matter jurisdiction over criminal cases. *See Furr* at ¶ 10. Additionally, it has been held that "no 'contract' between the criminal defendant and the prosecuting jurisdiction is necessary for a trial court to obtain personal jurisdiction over the defendant." *Id.*

{¶ 26} Relator's arguments are more properly considered as challenges to respondent Judge Page's exercise of jurisdiction, not the existence of subject-matter jurisdiction. *See generally State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, ¶ 26. Because the common pleas court has subject-matter jurisdiction over the matter forming the subject of the underlying criminal proceedings, any meritorious challenge to the exercise of authority in such matter would merely make the judgment

voidable and, therefore, subject to remedy by appeal. *See State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, ¶ 20 (stating that because the "common pleas court has subject-matter jurisdiction" over the underlying matter, "any meritorious challenge to whether a particular judge or magistrate of the common pleas court could rule in the case would merely make any judgment in that case voidable and thus subject to remedy by appeal rather than extraordinary writ"). Because the common pleas court possessed subject-matter jurisdiction and relator had an adequate remedy by way of appeal, relator has failed to state a claim in prohibition or mandamus. *See State ex rel. Boler v. McCarthy*, 170 Ohio St.3d 392, 2023-Ohio-500, ¶ 9 (affirming dismissal of prohibition and mandamus claim where the relator claimed trial court patently and unambiguously lacked subject-matter jurisdiction over his criminal case because the relator had an adequate remedy at law); *Mobarak* at ¶ 9.

{¶ 27} Next, relator fails to state a claim in mandamus with regard to respondent Prichard. Relator seeks a writ ordering relator's judgment of conviction vacated. However, a prosecutor does not have the authority to vacate a conviction. *State ex rel. Sands v. Coulson*, 163 Ohio St.3d 275, 2021-Ohio-671, ¶ 8. Relator makes no allegations regarding a clear legal duty on the part of Prichard, nor does relator allege any clear legal right to relief from Prichard. For the reasons previously stated, to the extent that relator challenges the underlying criminal case, relator had an adequate remedy at law through a direct appeal of the conviction. For these reasons, relator has failed to state a claim in mandamus with regard to respondent Prichard.

{¶ 28} Additionally, relator fails to state a claim in prohibition against respondent Prichard because there is no allegation that Prichard has exercised judicial or quasi-judicial authority. "Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial." *State ex rel. Wright v. Registrar, Ohio Bureau of Motor Vehicles*, 87 Ohio St.3d 184, 186 (1999). "When a public entity takes official action but does not conduct proceedings akin to a judicial trial, prohibition will not issue." *State ex rel. Save Your Courthouse Commt. v. Medina*, 157 Ohio St.3d 423, 2019-Ohio-3737, ¶ 27. Thus, relator's complaint does not state a claim in prohibition against respondent Prichard because

relator does not allege and "cannot satisfy the first and fundamental element of a prohibition claim: the exercise of judicial or quasi-judicial power." *Id*. at ¶ 26.

{¶ 29} For the foregoing reasons, relator has failed to state a claim in prohibition or mandamus.[4] Therefore, respondents' motion to dismiss should be granted.

**D. Relator's Complaint Fails to Meet Inmate Filing Requirements**

{¶ 30} Although not raised by respondents, relator's complaint is also subject to dismissal sua sponte because relator has failed to comply with the mandatory inmate filing requirements in R.C. 2969.25. R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. These procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C).

{¶ 31} With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

---

[4] Furthermore, although not raised by respondents, it is noted that relator seeks an order that "discharge[s] Relator from custody." (Compl. at 18.) However, habeas corpus, not mandamus or prohibition, is the proper action through which an individual may seek release from prison or other physical confinement. *See State ex rel. Borden v. Hendon*, 96 Ohio St.3d 64, 2002-Ohio-3525, ¶ 7; *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, ¶ 5.

{¶ 32} R.C. 2969.21 provides definitions applicable to R.C. 2969.25. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 33} Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1. Substantial compliance with R.C. 2969.25 is not sufficient. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 34} Relator's complaint is subject to dismissal for failure to comply with R.C. 2969.25(C)(1). Relator filed an affidavit of indigency with the complaint in which relator states: "I am indigent, unable to pay the Court's full filing fee and security deposit, and seek a waiver of the payment of the fees and deposit." (Relator's Aff. of Indigency at 1.) However, relator's affidavit fails to contain a statement *certified by the institutional cashier* that sets forth the balance in relator's inmate account for each of the preceding six months as required by R.C. 2969.25(C)(1). The failure to submit a certified statement

of the inmate account is grounds for dismissal of the complaint. *Grinnell v. Cool*, 173 Ohio St.3d 348, 2023-Ohio-3672, ¶ 7. Relator acknowledges this lack of compliance in the May 1, 2024 motion to amend, to which relator attached a signed court certification form. However, the deficiency in relator's original filing cannot be cured by subsequent amendment. *Swopes* at ¶ 13 (stating that "Civ.R. 15 does not provide a safe harbor for an inmate's failure to comply with R.C. 2969.25"); *Young* at ¶ 9. As a result, relator's complaint is also subject to dismissal for failure to comply with R.C. 2969.25(C). *See Grinnell* at ¶ 7. Additionally, because relator cannot cure the complaint's failure to fully comply with R.C. 2969.25(C), relator's motion for leave to amend the complaint to comply with R.C. 2969.25(C)(1) must be denied.

## E. Conclusion

{¶ 35} Accordingly, it is the decision and recommendation of the magistrate that respondents' motion to dismiss be granted and relator's complaint dismissed. Relator's May 1, 2024 motion for leave to amend affidavit of verity and affidavit of civil filings to correct the heading of such documents is moot. Relator's May 1, 2024 motion to amend the complaint to comply with R.C. 2969.25(C)(1) is denied. Finally, to the extent that relator's May 20, 2024 "motion in opposition" to respondents' May 1, 2024 motion to dismiss is considered a motion instead of a response to a written motion, such motion is denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.