[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Page*, Slip Opinion No. 2025-Ohio-623.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-623

THE STATE EX REL. ROBINSON, APPELLANT, *v*. PAGE ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Page*, Slip Opinion No. 2025-Ohio-623.]

*Prohibition—Mandamus—Appellant's statement purporting to set forth balance of his inmate account for each of the preceding six months lacks the cashier's certification required by R.C. 2969.25(C)(1)—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2024-1335—Submitted January 7, 2025—Decided February 27, 2025.)

APPEAL from the Court of Appeals for Franklin County,

No. 24AP-233, 2024-Ohio-4468.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, Sterling Robinson, appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for writs of prohibition and mandamus against appellees, Franklin County Common Pleas Court Judge Jaiza Page and Franklin County Assistant Prosecuting Attorney Sheryl L. Prichard (collectively, "the county"). The court of appeals determined that Robinson's complaint was defective because it did not meet the filing requirements of R.C. 2969.25(C)(1). We affirm. We also deny Robinson's motion for leave to supplement his brief and motion to "dismiss" the county's brief.

## I. BACKGROUND

**{¶ 2}** Robinson is confined at the Madison Correctional Institution. As reflected in Judge Page's judgment entry, in August 2019, a Franklin County jury found Robinson guilty of a drug-related charge. In September 2019, Judge Page sentenced Robinson to an 11-year prison term.

**{¶ 3}** In April 2024, Robinson filed in the court of appeals a complaint for writs of prohibition and mandamus against the county, seeking to vacate Judge Page's judgment entry and cause his release from custody. The county filed a motion to dismiss under Civ.R. 12(B)(6). The magistrate assigned to the case issued a decision recommending that the county's motion be granted because Robinson had not articulated a cognizable claim in mandamus or prohibition and because his complaint did not meet the filing requirements of R.C. 2969.25(C)(1). 2024-Ohio-4468, ¶ 24 and 34-35 (10th Dist.). Regarding the statute, the magistrate observed that Robinson had failed to attach to his complaint a statement certified by the institutional cashier setting forth the balance of his inmate account for each of the preceding six months. *Id.* at ¶ 34. The magistrate also denied a motion Robinson had filed for leave to amend his complaint to comply with R.C. 2969.25(C)(1). *Id.* at ¶ 35.

**{¶ 4}** Robinson filed objections to the magistrate's decision and a motion for judicial notice. The court of appeals denied Robinson's motion as moot and overruled his objections to the magistrate's decision. The court adopted and modified the magistrate's decision as its own, holding that Robinson's complaint was defective under R.C. 2969.25(C)(1), but declined to address whether he had stated a claim in prohibition or mandamus.

**{¶ 5}** Robinson then filed this appeal. While the appeal was pending, Robinson filed a motion for leave to supplement his brief and a motion to "dismiss" the county's brief.

## II. ANALYSIS

### A. R.C. 2969.25

**{¶ 6}** We review de novo a court of appeals' judgment dismissing a complaint under Civ.R. 12(B)(6). *See State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5. Accordingly, we must determine here whether the court of appeals correctly dismissed Robinson's complaint for failure to comply with R.C. 2969.25(C)(1).

**{¶ 7}** R.C. 2969.25(C)(1) provides that when an inmate files in the court of appeals a civil action against a government entity or employee and seeks a waiver of the full filing fee, the inmate must file an affidavit containing a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." We have "long held that compliance with R.C. 2969.25(C)(1) is mandatory and failure to comply subjects an inmate's action to dismissal." (Cleaned up.) *State ex rel. Roden v. Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 7. We strictly enforce the requirements of R.C. 2969.25; substantial compliance will not do. *State ex rel. Walker v. Bolin*, 2024-Ohio-5126, ¶ 7.

**{¶ 8}** In this case, Robinson filed with his complaint an affidavit of indigency,[1] seeking waiver of the court of appeals' filing fees and required deposit. Although the complaint does contain a statement purporting to set forth the balance of Robinson's inmate account for each of the preceding six months, the statement lacks the cashier's certification required by R.C. 2969.25(C)(1). Robinson's complaint thus did not comply with the statute, and the court of appeals' holding to that effect is therefore correct. Nor is a different result warranted in light of Robinson's attempt to cure the defect by filing in the court of appeals a motion for leave to amend his complaint to comply with R.C. 2969.25(C)(1). As we have held, an inmate may not cure noncompliance with the filing requirements of R.C. 2969.25. *See State ex rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 14 (observing that the caselaw has "expressly foreclosed *all* avenues for curing a failure to comply with R.C. 2969.25" [emphasis in original]).

**{¶ 9}** Robinson does not argue that reversal is warranted based on the court of appeals' reliance on R.C. 2969.25(C)(1). Rather, he seems to be arguing that this court should reverse the court of appeals' judgment because he withheld his consent from Judge Page's exercise of jurisdiction over the underlying criminal proceedings. But without providing any argument in support of reversal on R.C. 2969.25(C)(1) grounds, Robinson fails to establish an error that would entitle him to reversal of the court of appeals' judgment. *See State ex rel. Townsend v. Gaul*, 2024-Ohio-1128, ¶ 9. Because the sole issue on appeal pertains to the court of appeals' application of R.C. 2969.25(C)(1), we disregard Robinson's challenge to Judge Page's jurisdiction. *See Townsend* at ¶ 9.

**{¶ 10}** We affirm the court of appeals' dismissal of Robinson's complaint for his failure to comply with R.C. 2969.25(C)(1).

---

1. Robinson miscaptioned his affidavit of indigency as having been filed in this court rather than the court of appeals.

*B. Robinson's motions*

**{¶ 11}** We turn now to Robinson's two pending motions. In the first, Robinson asks for leave to supplement his merit brief with the transcript of his sentencing hearing. In the second, he asks us to "dismiss" the county's brief because, he says, it is frivolous. We deny the motions. The motion for leave is futile because it cannot change the fact that Robinson failed to comply with R.C. 2969.25(C)(1). And the motion to dismiss, which we construe as a motion to strike, is baseless because it is grounded merely on Robinson's disagreement with the arguments advanced by the county in support of affirmance.

## III. CONCLUSION

**{¶ 12}** The court of appeals' judgment is affirmed, and Robinson's motion for leave to supplement his brief and motion to "dismiss" the county's brief are denied.

Judgment affirmed.

_____

Sterling Robinson, pro se.

Shayla D. Favor, Franklin County Prosecuting Attorney, and Charles R. Ellis, Assistant Prosecuting Attorney, for appellees.

_____