[Cite as *State v. Smith*, 2025-Ohio-686.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals No.    L-24-1063
                                                                        L-24-1064
                                                                        L-24-1065

    Appellee

                                                Trial Court No.  TRD-23-17665
                                                                 TRD-23-17615

v.

Drekar Freeze Smith                             **<u>DECISION AND JUDGMENT</u>**

    Appellant                           Decided: February 28, 2025

* * * * *

Drekar Freeze Smith, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant Drekar Freeze Smith appeals the judgments of the Toledo Municipal Court, convicting him of traffic offenses and sentencing him to 16 hours of community service, a $70 fine, and court costs. For the following reasons, the trial court's judgments are affirmed.

### I. Factual Background and Procedural History

{¶ 2} In three separate case numbers, Smith was charged with one count of failure to stop at a stop sign in violation of R.C. 4511.43(A), a minor misdemeanor; one count of failure to display license plates in violation of R.C. 4503.21, a minor misdemeanor; and

one count of failure to display a license in violation of R.C. 4507.35, an unclassified misdemeanor.

{¶ 3} Smith, claiming to be a sovereign citizen, refused to enter a plea. The magistrate, therefore, entered a not guilty plea on his behalf. *See* Crim.R. 11(A) ("If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant.").

{¶ 4} On January 29, 2024, a trial was held on the charges. Ohio State Highway Patrol Trooper Christopher Boysel testified that on November 24, 2023, he observed Smith driving his vehicle on Greystone Boulevard towards the intersection with State Route 2, located in Toledo, Ohio. Boysel saw Smith proceed onto State Route 2 without stopping at the stop sign. He initiated a traffic stop. While stopped, Boysel observed that instead of an Ohio license plate, Smith had a piece of cardboard with letters and numbers printed on it. Smith stated at the trial that the printed cardboard referred to section 1-308 of the Universal Commercial Code.

{¶ 5} Boysel asked Smith for his driver's license, registration, and proof of insurance. Rather than producing those documents, Smith read a lengthy statement pertaining to his claim that he was a sovereign citizen and thus not subject to the jurisdiction of the state. Smith continually refused to produce his driver's license. Eventually, Boysel was able to run the vehicle identification number to determine that Smith owned the vehicle and then matched his identity with the image maintained by the Bureau of Motor Vehicles.

2.

**{¶ 6}** Smith, for his part, did not contest the details of the traffic stop. Instead, he argued that he was a sovereign citizen somehow separate from the fictional entity Drekar Freeze Smith created by the State of Ohio. He explained that as a sovereign citizen he was subject only to the common law and did not contract to be subject to the jurisdiction and laws of the state of Ohio.

**{¶ 7}** At the conclusion of the trial, the trial court found Smith guilty of the offenses and imposed a combined sentence consisting of two $35 fines, court costs, and 16 hours of community service. The trial court stayed that sentence pending appeal.

## II. Appeal

**{¶ 8}** Smith, proceeding pro se, timely appeals the trial court's judgments of conviction. His appellate brief does not contain any assignments of error as required under App.R. 16(A)(3). To the best of this court's understanding, Smith appears to argue that his case should have been dismissed with prejudice. He contends that he is "Master drékar-freeze: smith", a living soul, separate from and a beneficiary of the fictional entity "DREKAR FREEZE SMITH." He further maintains that because he was not operating under commerce, there was no contract by which he agreed to be subject to the laws and jurisdiction of the state of Ohio. Smith concludes that his "natural god given rights" were violated and demands as a remedy $17,045,000 in gold or silver certificates, 17.41 Troy ounces of pure gold,[1] and 8 acres of land.

---

[1] A Troy ounce is approximately 31.1 grams.

3.

**{¶ 9}** Smith's arguments are consistent with the sovereign-citizen challenges to a trial court's jurisdiction in criminal cases that "Ohio courts of appeals have routinely rejected as baseless." *Furr v. Ruehlman*, 2023-Ohio-481, ¶ 10. "The UCC 'has no bearing on criminal subject matter jurisdiction.'" *Id.*, quoting *State v. Farley*, 2013-Ohio-5517, ¶ 13 (5th Dist.). "And no 'contract' between the criminal defendant and the prosecuting jurisdiction is necessary for a trial court to obtain personal jurisdiction over the defendant." *Id.*

**{¶ 10}** Accordingly, Smith's appeal is not well-taken.

### III. Conclusion

**{¶ 11}** For the foregoing reasons, the judgments of the Toledo Municipal Court are affirmed. Smith is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                            _____
                                                       JUDGE

Myron C. Duhart, J.


Charles E. Sulek, P.J.                           _____
CONCUR.                                                  JUDGE


                                                _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.